**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YOCHEVED GOLDSTEIN, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CLIENT SERVICES, INC.,<br><br>　　　　　　　　　　　Defendant. | Civil Action No: 1:24-cv-1725<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Yocheved Goldstein (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, against Defendant Client Services, Inc., (hereinafter, "Defendant") individually and on behalf of a class of all others similarly situated, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

　　　　1.　　Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id.* at §§ 1692(b) & (c).

　　　　2.　　Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6)

10. Defendant can be served upon its registered agent, c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. All individuals with addresses in the State of New York;

   b. Who received a collection communication from the Defendant;

   c. That included an amount of interest/fees accrued since a date certain that was zero;

   d. That failed to include notice that the debt was subject to further accrual of interest/fees;

   e. Which improper collection actions occurred on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

   Subclass consists of:

   a. All individuals with addresses in the State of New York;

   b. Who received an initial collection communication from the Defendant;

   c. That included two different dates to dispute or request verification of the underlying debt; and

      d.      Which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

14. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

15. Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

a.  **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c.  **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common

claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Sometime prior to May 16, 2023, Plaintiff allegedly incurred a debt with Citibank for a Home Depot credit card (hereinafter, "Citi").

23. The Citi obligation arose out of transactions incurred primarily for personal, family or household purposes, specifically for personal credit card purchases.

24. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

25. Citi is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Upon information and belied, Citi contracted with Defendant for the purpose of collecting this debt.

27. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects

or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

*Violation – May 23, 2023 Collection Letter*

28. On or about May 23, 2023, Defendant sent Plaintiff an initial collection letter from the Defendant to collect upon the Citi debt. A true and accurate copy of the collection letter Defendant mailed to the Plaintiff is attached as Exhibit A, hereinafter "Letter."

29. The Letter, being an initial collection communication, included disclosure statements that are required pursuant to 15 U.S.C. § 1692g.

30. The Letter, on its first page, provides a deadline of July 2, 2023, (40 days after the date on the letter) for the Plaintiff to request verification documents or to dispute the underlying debt; otherwise, the Defendant will assume that the information in the Letter is correct. *See* Exhibit A at 1.

31. On the second page of the Letter, the Defendant provides 30 days after receiving the Letter to dispute or request verification of the underlying debt, which would be on or around June 22, 2023. *See id*. at 2.

32. Similarly, Defendant will assume the debt is valid if the Plaintiff does not dispute the debt or request verification within the 30-day timeframe. *See id*.

33. Pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

34. However, in violation of 15 U.S.C. § 1692g, Defendant stated two different time frames from which Plaintiff could dispute the underlying debt or for requesting verification documents.

7

35. On page one of the Letter, the Defendant overshadows the first timeframe mentioned in the Letter by providing a second, inconsistent timeframe on the second page of the Letter.

36. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

37. At least one of the two timeframes stated by the Defendant in the Letter must be a misrepresentation of the amount of time Plaintiff has to dispute or request verification.

38. Accordingly, Defendant violated 15 U.S.C. § 1692e when it made misrepresentations regarding the dispute process in its Letter.

39. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant acted unfairly and unconscionably by stating two different time frames for the Plaintiff to dispute or request verification for the debt, in violation of 15 U.S.C. § 1692f.

41. Thus, Defendant violated multiple provisions of the FDCPA.

42. Based on the inconsistencies in the Letter the Plaintiff believed this collection to be fraudulent and did not want to send any communications or speak to the Defendant.

*Violation II – May 23, 2023 Collection Letter*

43. The Letter from May 23, 2023 states in relevant part (Exhibit A):

You have a The Home Depot Consumer Credit Cart credit card from Citibank, N.A. with account number XXXXXXXXXXXX4524.

| | | |
|---|---|---|
| As of 5/16/2023, you owed: | | $5,525.51 |
| Between 5/16/2023, and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited with this amount toward the debt: | - | $0.00 |

**Total amount of the debt now:** $5,525.51

44. On or about July 7, 2023. Defendant sent Plaintiff another collection letter regarding the alleged debt owed to Citi. A true and accurate copy of the collection letter Defendant mailed to the Plaintiff is attached as Exhibit B, hereinafter "Settlement Letter."

45. The Settlement Letter states in relevant part (Exhibit B):

As of the date of this letter, the account balance is $**5,684.76**. If on the date you make a payment, the account balance is greater because of interest or other charges, our office will honor the above settlement offer if received in our office by the above due date.

46. It is clear from the Letter and Settlement Letter (collectively, the "Letters") that the balance owed has increased due to interest or fees charged to the account.

47. Defendant failed in the initial letter to accurately inform Plaintiff that the amount of the debt stated in the Letters will increase over time, thus misstating the total amount and character of debt owed.

48. Plaintiff understood from the first letter that the debt was static.

49. Based on "total amount of the debt now" in the initial Letter it seemed that Plaintiff's debt was final and not subject to additional interest accrual or fees.

50. As Defendant did not state that interest or fees will continue to accrue, Plaintiff was confused about whether the total debt stated in the Letters was subject to accrual of interest or fees as of the time they were sent.

51. It is clear from the second letter that the balance in fact was increasing.

52. Consumers when faced with the choice to pay a static debt or one that is increasing will always choose a debt that will continue to rise.

53. As a result, Plaintiff incurred an injury as Defendant misstated the balance due by failing to include the fact that interest or fees would continue to accrue going forward.

9

54. Defendant misstates the current balance on the account and the Letters are open to more than one reasonable interpretation, at least one of which is inaccurate.

55. One consumer may reasonably understand that if he pays the stated "current balance" at a later date he will satisfy his debt in full.

56. Another consumer may reasonably understand that paying the stated amount at a later date would not in fact satisfy his debt in full.

57. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

58. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

59. Now, consumers have a right to receive proper notice of the amount of debt due and whether their debts are subject to interest. When a debt collector fails to effectively inform the consumer of the amount of debt due, in violation of the law, the debt collector has harmed the consumer.

60. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

61. Plaintiff would have chosen a separate course of conduct but for Defendant's violations.

62. A debt collector may not use any false representations or deceptive means to collect or attempt to collect any debt. By not including the required language informing the Plaintiff of the true legal status of the debt the Plaintiff has been misled and harmed.

63. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

64. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

65. Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts since a consumer will treat a debt that is static different than a debt that will continue to increase.

66. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

67. Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letter to her detriment.

68. In reliance on the Letters, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

69. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

70. In reliance on the Letters, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

71. Defendant's actions caused Plaintiff to expend time and money, in reliance on the improper content of the Letters, including the lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

72. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

73. Plaintiff was misled and made to be uncertain to her detriment by the statements and/or omissions in the Letter and relied on the contents of the Letters to his detriment.

74. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debt, in violation of the law, the debt collector has harmed the consumer.

75. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e et seq.

76. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

77. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

78. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

80. Thus, Defendant violated 15 U.S.C. § 1692e:

   a. By deceptively misrepresenting the timeframe in the Letter for the Plaintiff to dispute the underlying debt or to request verification documents;

   b. As the Letter falsely represent the true amount of the debt in violation of §1692e (2);

   c. As the Letters falsely represent the character and legal status of the debt in violation of §1692e(2)(A); and

   d. By failing to maintain policies and procedures to avoid collection communications from misrepresenting and overshadowing each other.

81. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

82. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

83. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

84. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

85. Additionally, § 1692f(1) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

86. Defendant violated § 1692f:

  a. By unfairly and unconscionably sending collection letters that do not state that interest will continue to accrue on the account;

  b. By unfairly and unconscionably infringing on Plaintiff's rights to dispute the debt or to request more information during the validation period; and

  c. By failing to maintain policies and procedures that were reasonably calculated to prevent Defendant from making collection communications that do not explicitly inform the Plaintiff and the Class members of the interest accrual.

87. By reason thereof, Defendant is liable to Plaintiff and the Class members for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g et seq.

88. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

89. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

90. Pursuant to 15 U.S.C. §1692g(a), a debt collector must provide notice of a debt, including the amount of the debt.

91. Pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

92. Defendant violated §1692g:

    a. As the letter falsely represents the true amount and identity of the debt in violation of §1692g(a)(1);

    b. As the letter overshadowed and confused the Plaintiff's ability to respond to the initial collection letter;

    c. By sending the Letter which contains inconsistent and overshadowing deadlines for the Plaintiff's right to request verification or to dispute the underlying debt; and

    d. By failing to maintain policies and procedures that were reasonably calculated to not provide inconsistent deadlines for Plaintiff's rights to dispute the debt or to request verification documents.

93. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

94. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yocheved Goldstein, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6. Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

7. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  March 8, 2024                                  Respectfully submitted,

**STEIN SAKS, PLLC**
*/s/ Rami Salim*
By: Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff, Yocheved Goldstein*